[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS
These two matters have been companioned for purposes of disposition of the Motions to Dismiss filed in both files. The issues of law and argument are identical and the facts virtually the same. CT Page 3042-a
The defendant owns property at 339 Winthrop Avenue, New Haven which contains rental apartment units 1F and 2F.
Lead inspections of these units were performed by a representative of the City of New Haven Health Department on April 9, 1996 and May 14, 1996. Chips of paint were taken from locations throughout each unit. They were tested for lead content. The testing disclosed that the paint chips sampled contained quantities of lead in excess of these permitted under City of New Haven Ordinance. The City Health Department issued abatement orders to the defendant on June 17, 1996 (1st floor unit) and July 22, 1996 (2d floor unit). These orders were served on June 28, 1996 and July 31, 1996, respectively.
The orders mandated commencement of remedy to the conditions within seven days of receipt and completion within 30 days.
On August 6, 1996 (1st floor unit) and September 13, 1996 (2d floor unit), a reinspection of the condition of each of the units was performed by a Health Department representative. No remediation was observed.
Prosecutorial summon were issued pursuant to an Application for Arrest Warrant, with accompanying affidavits. On September 19, 1996. The defendant was arraigned on October 3, 1996, for both files.
A hearing was held on these motions to dismiss. The court finds, based on that testimony, that children under the age of six resided in both units at the time of the April 9, 1996 and May 14, 1996 inspections and at the times of the issuance of the orders of abatement. Further, children under the age of six resided in the first floor unit on August 6, 1996 at the time of reinspection of that unit. Both units were vacated prior to October 3, 1996 when a follow-up inspection occurred. Both units are currently still vacant.
The order of abatement on each matter incorrectly stated that a child under the age of six had tested positive for excessive levels of lead in his/her blood. The orders asserted violations of ordinances, sec. 16-50 — Prohibited Use of Lead Paint;16-51 — Maintenance; 16-52 — Hazard conditions (subsec. a, b and c). The orders further reflected that they were was issued pursuant to Sec. 19a-200 of theConnecticut General Statutes and Sec. 16-52 on the New Haven City Code. CT Page 3043
The arrest warrant affidavit restated the lead paint violations and the lack of corrections of them.
The New Haven Code provides at Sec. 16-56, that any person who violates "any provision of this article shall, upon conviction, be punished by a fine of not more than one hundred dollars ($100.00) or by imprisonment for thirty (30) days or both. Each day's failure to comply with any such provision shall constitute a separate violation."
The defendant, Geraldine Frankel has filed these Motions to Dismiss, claiming that
(1) the State lacks subject matter jurisdiction because the units are vacant, and therefore, now orders are moot;
(2) that there is insufficient evidence to continue the allegations as to Sections 16-50, 16-52 (a)(1); and
(3) that the prosection is defective because the Abatement orders did not, in their body, notify defendant of her right to appeal; and
(4) that the Abatement Orders did not comply with Connecticut Department of Public Health Regulations and were therefore defective.
After oral argument, the defendant additionally sought dismissal:
(5) because of the misstatement of a child with lead paint poisoning, claiming it to be a material misstatement of fact and therefore a defect in both the information and prosecution.
1. The vacancy of the units does not render the matter moot. This court is not bound by the decision in Campbell v. Six FifthAvenue Corporation, 17 CONN. L. RPTR. No. 8, 284 (9/9/96). It is a trial court decision regarding a civil injunctive matter. Further, it did not have the City of New Haven Ordinances before it. The violations alleged to have occurred when no remediation occurred. Vacancy, by ordinance, does not excuse compliance with the order. "No dwelling unit which is in violation of this article shall be vested to a new tenant until repairs acceptable with the provisions of the article." (New Haven Code Sec. 16-54 (c)). This language anticipates the very facts before this court, and confirms that the violation is deemed continuing where there is no remediation, where there is a vacant unit. CT Page 3044
Further, the penalty providing for a per diem charge (16-56), infers that for each day that there was a violation a penalty was imposed. It only ends, theoretically, when the violation ends.
Nothing in the language of the ordinance provides for a retrospective excusal from penalty by the existence of a vacancy in the unit.
2. Re Practice Book § 815(5). There is sufficient evidence to continue the allegations under sec. 16-52 (a)(1) and (3), not 16.50. The State has conceded at argument and in its brief that16-50 does not apply to the defendant and therefore is not a proper basis for prosecution.
The New Haven Code 16-52 (a)(1) and (3) provides that abatement orders can be issued where the director of public health finds: "(1) That the presence of lead paint upon or in any premises creates a health hazard to children)"; and/or "(3) that the presence of cracked, chipped, blistered flaking, loose or peeling paint constitutes a health hazard." Both conditions were testified to having been observed at the time of the inspections precipitating the orders here.
Further, that 16-53 applies is without contest; this argument appeared to have been abandoned at argument.
3. Re Practice Book § 815(2) The defendant seeks a dismissal of this criminal action because the Director of Health did not include a statement in the abatement order of the defendant's right of appeal. First, this is not properly before this court because defendant acknowledged that she has never attempted to exhaust this remedy of appeal. Further, until and unless the orders are overturned, they remain a proper basis for prosecution. Defendant can point to no case that suggest a dismissal should remit here because she did not receive formal notice of her right of appeal.
This criminal prosecution is not dependent on literal compliance with 19-111c. An examination of the sample locations discloses that the lead paint surfaces are throughout the units. The inspection therefore was performed by the City. It would be physically and financially prohibitive to test every part of every surface. Such a result could not have been contemplated by either 19a-111 or Fuman v.
CT Page 3045Uncas Health District (Dept. P.H., 8/21/95)
4. Re Practice Book 815 and 817. The material misrepresentation in the order, asserting that a child under six was lead paint poisoned is unfortunate and should not be countenanced. However, it does not rise to the level that would result in a dismissal of these actions. "Dismissal of an information is a drastic action that is appropriate in cases where `there was a need either to eliminate prejudice to a defendant in a criminal prosecution, where it was impossible to do so by imposition of lesser sanctions, or to deter a pattern of demonstrated and longstanding widespread or continuous official misconduct.' (citations omitted.)" State v. Bergin,214 Conn. 657, 672 (1990). The misinformation did not deprive defendant of the opportunity to be fully informed because the ordinance provides for the same remediation regardless of whether this condition existed, and, the other two grounds of violation remain affected — no procedural or substantive harm has occurred. There is no pattern of misconduct but some negligence and inadvertence by an inspector, Mr. Lee, only four months on the job.
The Motions to Dismiss are denied.
MUNRO, J.